### MORGAN GARDNER ELECTRIC CO. v. BUETTNER & SHELBURNE MACH. CO.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1913.)

No. 1,793.

1. PATENTS (§ 328*)—INFRINGEMENT—COAL-MINING MACHINE.

The Rauscher patent, No. 574,822, for a coal-mining machine, covers a combination in one structure of two devices of the prior art, and is not infringed by one who made and sold one of such devices, unless it was sold with the intention that it should be used as a part of the patented combination.

2. PATENTS (§§ 255, 259*)—INFRINGEMENT—FURNISHING REPAIRS FOR PATENTED MACHINE.

The manufacturer of a patented coal-mining machine, parts of which were subject to frequent breakage, who sold the same without restric-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions, has no monopoly of the right to furnish repairs, or to replace such parts when broken, and another, who makes and furnishes the same on orders from the owner of the machine, is not chargeable with either direct or contributory infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 397, 399, 400–402; Dec. Dig. §§ 255, 259.*]

Appeal from the Circuit Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

Suit in equity by the Morgan Gardner Electric Company against the Buettner & Shelburne Machine Company. Decree for defendant, and complainant appeals. Affirmed.

One Edward P. Rauscher made application to the Patent Office for a patent for improvements in coal-mining machines, which application was filed April 23, 1896, and numbered 588,747. Of the six claims asked for, all were rejected by the examiner. Applicant thereupon amended his application, by canceling the six claims and substituting two new claims. Of these claims, one was allowed, being the claim in suit, and claim 2 rejected. The patent in suit was granted January 5, 1897, and numbered 574,822. Its one claim reads as follows, viz.: "In a device of the class described, the combination with a driven shaft $d'$, and worm $d^4$, longitudinally movable thereon, of the hollow washer $E$, resting upon said worm and having a conical hole in its upper end, and a collar $E'$, having a corresponding conical end resting in the conical hole in the washer, whereby the collar $E'$ will split the washer $E$, before sufficient strain is put upon the other portions of the machine to injure the same, substantially as described."

Original claims 1 and 2 in terms covered the protection device alone. Claims 3, 4, 5, and 6 covered the same in combination with the so-called channeling machine described in the specifications, which is, in substance, the device of patent No. 550,283, granted to E. C. Morgan, on November 26, 1895. These were all rejected by the examiner, upon references to prior patents. It cannot be claimed that either of the two devices of the combination, viz., the channeling machine or the protective device, is new. The former is substantially the channeling machine of E. C. Morgan, No. 550,283, aforesaid, and the latter is found, in substance, in patent No. 158,800, granted January 19, 1875. The claim is for a combination of the two in one structure.

The channeling machine of the chain machine order is, in practice, so applied to coal mining as to cut a narrow channel or kerf under the wall of coal presented by the walls of the room or chamber in which it is used. The frame carrying the cutter is moved close to the foot of the wall to be undercut. The cutter is advanced into the wall by means of a motor or other driving device. As it is fed into the bed of coal, it often encounters very hard substances, such as rock or sulphur balls, or is wedged by the falling of the coal above it, and subjected to unusual strain, whereby it becomes broken or damaged. The patent in suit seeks to provide a means to protect the machinery from breaking, under this unusual strain, and for automatically reversing the feed when at its thrust limit, and for automatically stopping the feed at the end of the return movement.

The defendant is charged with direct and contributory infringement. The charge of direct infringement is based by complainant upon the filing by defendant of one dummy order to the Hart Williams Coal Company of the complete protective device, inspired by complainant. The charge of contributory infringement rests upon the manufacture by defendant of several of the parts or elements of the protective device, and the alleged miscellaneous sale thereof by defendant to any person desiring them. Other evidence is set out in the opinion. The bill asks for a permanent injunction to restrain infringement, and for other relief. In its amended answer, defendant sets up the invalidity of the patent, and denies infringement.

The District Court, on hearing, dismissed the bill for want of equity. For error, the failure of the court to decree validity and infringement is assigned.

Glenn S. Noble, of Chicago, Ill., for appellant.

John T. & Will H. Hays, of Sullivan, Ind. (Arthur M. Hood, of Indianapolis, Ind., of counsel), for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] So far as the record shows, appellee never manufactured a complete mining machine of any kind, nor had it ever manufactured or sold a complete protective device, with the exception of one sale, and that sale was procured by complainant. It nowhere in the record appears that the device so sold was intended for use in connection with an infringing machine. On the contrary, it appears that defendant never sold the sleeve or collar, except in the one instance when complainant caused it to be ordered through said Hart Williams Coal Company, and then the same were ordered as parts for "Morgan Gardner Standard D chain mining machines." Of the elements of the protective device furnished on that occasion, it appears from the record that defendant did not have on hand the worm, but had to purchase it elsewhere, and that, when furnished, it did not fit the shaft. From defendant's catalogue it is shown that it advertised:

"List and prices of parts we have for the Morgan & Gardner Type Chain Coal-Mining Machines, November, 1908."

Thus it is clear that defendant held itself out as being ready to furnish certain parts of complainant's patent, and the question of law presented is: Did such action on defendant's part constitute direct or contributory infringement of the patent in suit? If we have correctly stated the scope of the patent, as we think we have, then defendant has not directly infringed the same, since it has never manufactured or sold any channteling mining machines, and, therefore, has not infringed the combination. Whether or not it has been guilty of contributory infringement depends upon a construction of that term. Contributory infringement is intentional aid or co-operation in transactions which collectively constitute complete infringement. Walker on Patents (4th Ed.) § 407 and authorities cited; Robinson on Patents, § 905, and authorities cited.

Where a person manufactures or sells a device particularly adapted to be used in performing a patented process, and such is his intention, he is liable for any infringement which thereafter occurs in accordance with his intention. Walker on Patents (4th Ed.) § 407. Where, however, the thing furnished is adapted to use for other purposes than to be a part of a patented article, and the person furnishing the same does not know that it is to be thus used, he is not an infringer. Walker on Patents (4th Ed.) § 407.

As above stated, the record fails to show any evidence of intent on the part of appellee to furnish parts for any infringing machine, and it must be assumed for the purposes of this suit that it did not.

[2] Appellant contends that the supplying of the different elements of the protective device, by one or other than itself, when once broken in the operation of its mining machines, constituted infringement. It

will be borne in mind that the machines were sold without restriction of any kind; that the sleeve or collar was not supplied in any instance, excepting in the case of the protective device furnished to the Hart Williams Company on appellant's connivance; that, so far as appears from the record, that sale was for use in appellant's machine. It is evident that the protective device was of a perishable character. Its destruction, or that of some of its parts, was contemplated by the appellant, as well as by those to whom the latter sold its mining machines, yet no attempt was made to limit the purchaser in respect to the source from which it should procure the repair parts.

"The mere fact that the patentee is able and willing to replace the injured parts, and make the repairs, is not alone sufficient to vest in him a monopoly of this work. If the purchaser sees fit to make necessary repairs himself, or employs others for that purpose, he has a right to do so." Wagner Typewriting Co. v. Webster (C. C.) 144 Fed. 405.

In a number of cases cited to section 302a, Walker on Patents (which reads in part: "A purchaser may repair a patented machine which he has purchased, by replacing broken or worn-out unpatented parts, so long as the identity of the machine is not destroyed"), the rule adhered to in Wagner Typewriting Co. Case, is followed. See, also, 30 Cyc. 985. In the present case, the appellee had the right to make repairs. It did nothing more. To replace the hollow washer and other separate parts of the protective device did not destroy the identity of the patented device. It was clearly a repair contemplated by the appellant when it sold the mining machine. To hold otherwise, in the absence of some restricting license or other limitation, would result in the extension of appellant's monopoly beyond the terms of the government's grant. We are therefore of the opinion that no infringement has been shown.

In view of the foregoing, it becomes unnecessary to pass upon the other questions presented.

Affirmed.